# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-1345 (RMC)** |
| ) | |
| **8 GILCREASE LANE, QUINCY** ) | |
| **FLORIDA 32351,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

In this civil forfeiture action, various would-be intervenors have filed motions styled as Motions to Set Aside Forfeiture, seeking dismissal of the case and the return to them of funds seized from bank accounts that were, before their seizure, under the control of operators of Ad Surf Daily ("ASD") and Golden Panda Ad Builder ("GP"). The Government alleges that ASD and GP were Internet Ponzi schemes that defrauded over 100,000 people. Movants here are not the first to attempt to intervene in this case and seek its dismissal. The Court addressed previous motions to intervene in a July 16, 2009, Memorandum Opinion, wherein it found that the motions to intervene must be denied because the movants did not have a cognizable interest in the defendant properties, and therefore did not have standing to contest this forfeiture action. *See* Dkt. # 72.

The movants here are in the same position. Since these movants are ineligible to intervene and seek dismissal, they are not parties to the case and their motions to set aside forfeiture will also be denied.

The Court's July 16, 2009, Opinion and Order denied a motion to intervene filed by

Curtis Richmond and his "Pacific Ministry of Giving," among others. *See* Dkt. ## 72 & 73. Mr. Richmond has since filed a motion seeking an order on his earlier motion. Dkt. # 77. This motion was rendered moot by the Court's July 16, 2009 Order and will be denied as such.

Mr. Richmond also filed a "Motion Seeking to Disqualify Judge Collyer for Cause of Extreme Bias." *See* Dkt. # 78. Mr. Richmond asserts that he is qualified to file such a motion because he is an "innocent owner" under 18 U.S.C. § 983. Because Mr. Richmond's request to intervene was denied as explained in the July 16 Opinion, Mr. Richmond is not a party entitled to seek disqualification. Mr. Richmond further contends that he can seek this Court's recusal under Rule 63 of the Utah Rules of Civil Procedure, erroneously referring to the Utah Rule as a federal rule. The Utah Rules of Civil Procedure do not apply in this Court. Even if Mr. Richmond had attempted to proceed under the applicable federal statute governing disqualification, 28 U.S.C. § 455, he would be barred from proceeding because he is not a party to this case. *See, e.g., United States v. Sciarra*, 851 F.2d 621, 636 (3d Cir. 1988) (nonparty witnesses had no standing to invoke § 455 providing for disqualification of a judge); *United States v. Conforte*, 624 F.2d 869, 880 (1980) (while § 455 imposes a self-enforcing duty on a judge, its provisions may also be enforced by a party to the action).

Accordingly, the motions to intervene and/or set aside forfeiture by Christian Oesch, Jeffrey Robinson, and Joan Hughes [Dkt. ## 74, 75, & 76], Mr. Richmond's motion seeking an order on his motion to intervene [Dkt. # 77], and his motion seeking disqualification [Dkt. # 78] will be denied. A memorializing order accompanies this Memorandum Opinion.

Date: August 4, 2009

/s/
ROSEMARY M. COLLYER
United States District Judge